PABLO VERA SOTO ET AL., demandantes y apelantes, *v.* THE PORTO RICO COAL COMPANY, demandada y apelada.

Número 11552.

*Sometido:* 9 de noviembre de 1955. *Resuelto:* 6 de marzo de 1956.

*Guillermo Bauzá,* abogado de los apelantes; *Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa, José L. Novas, Vicente M. Ydrach* y *Jaime Pieras, Jr.,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Los apelantes, trabajadores de los muelles, instaron demanda contra The Porto Rico Coal Company ante el anterior Tribunal de Distrito en reclamación de ciertos salarios que alegaban la demandada les debía. El caso se encuentra ante nos en apelación contra sentencia del referido Tribunal de Distrito declarando sin lugar la demanda.

El 10 de agosto de 1948 se firmó un convenio colectivo entre ciertas uniones y varias compañías navieras, entre las cuales se encontraba la demandada. Disponía, entre otras cosas, un aumento en la paga de los empleados de las compañías de diez centavos la hora, con efecto retroactivo al primero de enero de 1948. Sin embargo, la cláusula IV del convenio dispone lo siguiente: "De acuerdo con lo aquí estipulado, el pago retroactivo de salarios, será limitado a las horas trabajadas para las Compañías aquí especificadas, y no se pagarán salarios retroactivos por las horas trabajadas para las Compañías no especificadas aquí, a menos que los salarios retroactivos puedan ser recobrados por las Compañías aquí especificadas de las Compañías para las cuales se llevó a efecto el trabajo." [1]

La demandada radicó una "moción para que se desestime la demanda", sustanciada por varias declaraciones juradas que los demandantes no controvirtieron. Estas declaraciones juradas demuestran que el trabajo aquí envuelto se realizó para consignatarios de carga bajo convenios que estipulaban se cobraría un tipo específico por tonelada de carga; que estos convenios no reservaron el derecho a aumentar el tipo en caso de aumentar los costos de operación; y que los consignatarios se habían negado a pagar suma adicional alguna por ello durante el año 1948. El tribunal sentenciador declaró sin lugar la "moción para que se desestime la demanda", que era en efecto una moción de sentencia sumaria. Luego, la demandada radicó su contestación y se señaló la vista del caso. Antes de celebrarse ésta y a tenor con una estipula-

---

[1] El convenio se firmó en inglés. La cláusula IV dispone como sigue: "The payment of retroactive wages, as provided for herein, shall be restricted to the hours worked for the account of the Companies specified herein and no retroactive wages shall be paid for the hours worked for the account of Companies not specified herein, unless the retroactive wages can be recovered by the Companies specified herein from the Companies on whose account the work was performed." El texto original en inglés es más claro que su traducción al español presentada en el tribunal sentenciador.

ción de las partes, el tribunal sentenciador pasó primero sobre la contención de la demandada al efecto de que bajo los hechos arriba expuestos ella no era responsable. El tribunal sentenciador convino con esta contención y dictó sentencia a favor de la demandada.

Convenimos con el tribunal sentenciador en que, en virtud de la cláusula IV, la demandada no es responsable bajo las peculiares circunstancias de este caso. La estipulación, las declaraciones juradas y las contestaciones a los interrogatorios que obran en autos demuestran inequívocamente que el trabajo aquí envuelto fué realizado por la demandada por cuenta de consignatarios específicos a tenor con un convenio mediante el cual estos últimos pagarían un tipo específico por tonelada de carga. Ésta fué precisamente la situación contemplada por la cláusula IV a tenor con la cual no procedía el pago de salarios retroactivos bajo estas circunstancias, a menos que los consignatarios, que no eran partes en el convenio colectivo, reembolsaran a los patronos por aquellos salarios retroactivos con respecto a transacciones pasadas. Toda vez que los autos demuestran que los consignatarios se negaron a hacer tales pagos, el tribunal sentenciador no erró al resolver que la demandada no era responsable por los salarios retroactivos reclamados en este recurso.

*La sentencia del Tribunal Superior será confirmada.*

El Juez Asociado Sr. Belaval no intervino.